IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID ROBERSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-13-02823** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **LIEUTENANT G. McLEOUD,** | : | |
| | : | |
| **Defendant** | : | |

# M E M O R A N D U M

## I.   Background

On November 15, 2013, Plaintiff David Roberson, a former federal inmate, commenced this civil rights action with a complaint filed pursuant to 28 U.S.C. § 1331.[1]  (Doc. 5.)  In the complaint, Plaintiff alleges that, on February 26, 2013, while he was confined at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania ("LSCI-Allenwood"), Defendant Lieutenant McLeod inappropriately touched his genitals during a pat search, acted inappropriately during a strip search, and wrongly placed Plaintiff in the Special Housing Unit ("SHU").

By order dated November 22, 2013, the court directed service of the complaint on the Defendant named therein.  (Doc. 7.)  On May 19, 2014,

---

[1] Plaintiff initially filed a complaint in the United States District Court for the Eastern District of Pennsylvania, but the case was transferred on November 15, 2013, and received in this court on November 19, 2013.  (*See* Doc. 6.)

Defendant filed a motion for summary judgment, supporting brief, and statement of material facts.  (Docs. 10-12.)  Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had twenty-one (21) days from the service of Defendant's motion and brief to file a brief in opposition to the motion.  Within that time period, Plaintiff failed to file any opposition or request an extension of time in which to do so.  Therefore, by order dated July 2, 2014, the court directed Plaintiff to file a brief in opposition on or before July 16, 2014.  (Doc. 13.)  The order also warned Plaintiff that failure to comply with the order would result in the motion for summary judgment being deemed unopposed and this action would be dismissed without a merits analysis. (*See id.*)  *See also* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

To date, Plaintiff has not complied with the court's July 2, 2014 order by filing an opposition to the motion for summary judgment, nor has he sought an extension of time in which to do so.  Therefore, for the reasons set forth below, Defendant's motion for summary judgment will be deemed unopposed and granted without a merits analysis and Plaintiff's complaint will be dismissed with prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## II.    Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed, because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis). However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 529 (1962).  In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . .  It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id*. at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Stackhouse*, 951 F.2d at 30.  However, in

reaching this holding, the Court of Appeals did not vitiate the Supreme Court's

decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the

inherent power of the district court to impose the sanction of dismissal for failing

to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may
> never rely on the local rule to treat a motion to dismiss as unopposed
> and subject to dismissal without a merits analysis.  There may be
> some cases where failure of a party to oppose a motion will indicate
> that the motion is in fact not opposed, particularly if the party is
> represented by an attorney and in that situation the rule may be
> appropriately invoked.  *Nor do we suggest that if a party fails to
> comply with the rule after a specific direction to comply from the
> court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added).  Further, in *Poulis v. State Farm*

*Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six

factors that are appropriate to consider before dismissing a case for the plaintiff's

late filing of a pretrial statement: (1) the extent of the party's personal

responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

whether the conduct of the party or attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim or defense.

However, as stated by the Court of Appeals in a later case,

4

> *Poulis* did not provide a magic formula whereby the decision to
> dismiss or not to dismiss a plaintiff's complaint becomes a mechanical
> calculation easily reviewed by this Court.  As we have already
> recognized, not all of the *Poulis* factors need be satisfied in order to
> dismiss a complaint.  Instead, the decision must be made in the
> context of the district court's extended contact with the litigant.
> Ultimately, the decision to dismiss constitutes an exercise of the
> district court judge's discretion and must be given great deference by
> this Court - a court which has had no direct contact with the litigants
> and whose orders, calendar, docket and authority have not been
> violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations omitted).

In the instant case, Plaintiff was directed to comply with the requirements of

Local Rule 7.6 in the court's July 2, 2014 order directing him to file a brief in

opposition, and was warned of the consequences of failing to timely file his

opposition.  (Doc. 13.)  To date, Plaintiff has failed to file a brief in opposition or

seek an extension of time in which to do so.  In fact, the court has not received any

communication from Plaintiff since his case was transferred to this court on

November 19, 2013.  As a result, the court concludes that Plaintiff's dilatoriness in

filing his brief in opposition and communicating with the court outweighs any of

the other considerations set forth in *Poulis*.  Accordingly, the court will deem the

pending motion for summary judgment to be unopposed and grant the motion;

dismiss the complaint in this action pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure for failure to prosecute and for failure to comply with a court

order; and, direct that this case be closed.

An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                         United States District Judge

Dated:  August 8, 2014.